## DUVAL & STACHENFELD LLP
555 MADISON AVENUE, SIXTH FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE: 212-883-1700
FACSIMILE: 212-883-8883

TIMOTHY J. PASTORE
DIRECT DIAL: 212-692-5982
tpastore@dsllp.com

November 15, 2013

**VIA ECF and VIA FEDEX**

Honorable Naomi Reice Buchwald
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:    <u>Wells Fargo Bank N.A. v. Sovereign Bank, N.A.</u>
              Case No.: 13-CV-01222 (NRB) (the "Enco Loan Action")
              Case No.: 13-CV-04313 (NRB) (the "Five Loan Action")

Dear Judge Buchwald:

        Together with Snyder Law Firm LLC, we represent Plaintiff in the above-referenced Enco Loan and Five Loan Actions.

        Pursuant to Rule 2(C) of Your Honor's Individual Practices, enclosed please find two sets of courtesy copies, marked as such, of: (i) Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss and/or for Judgment on the Pleadings and/or for Summary Judgment; (ii) Plaintiff's Response to Defendant's Statement Pursuant to Local Civil Rule 56.1; (iii) the Declaration of Paul D. Snyder, dated November 14, 2013; and (iv) the Declaration of Roy H. Owen, dated November 14, 2013.

        In addition, enclosed please find two courtesy copies, marked as such, of Plaintiff's First Amended Complaint in the Five Loan Action – which was filed as of right pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure on November 14, 2013. The filing of First Amended Complaint renders moot that portion of Defendant's Motion to Dismiss the Five Loan Action which sought dismissal for failure to state a claim under Representation and Warranty 10 of the governing Mortgage Loan Purchase Agreement.[1]

        Finally, in accordance with Rule 2(E)(1) of Your Honor's Individual Practices, the following shall constitute Plaintiff's summary of the substantive arguments advanced in the enclosed opposition papers to Defendant's Motion to Dismiss and/or for Judgment on the Pleadings and/or for Summary Judgment (the "Motion"). Defendant's Motion should be denied in its entirety because it is factually unsupported and premised on a fundamental

---

[1] The First Amended Complaint in the Five Loan Action includes significant additional factual support for Plaintiff's Rep 10 claims, and also asserts new Rep 7 claims regarding three of the five loans. In addition, Plaintiff has withdrawn its Rep 18 claim regarding the Marina Palms ("Bradenton") Loan.

misunderstanding of the nature of and law applicable to commercial mortgage-backed securities ("CMBS") transactions and warranty claims.

The essence of these cases is fairly simple: Both are CMBS repurchase actions concerning, collectively, six loans (the "Loans") that were securitized into the same trust.[2] The securitization is controlled by two governing documents: the Mortgage Loan Purchase Agreement (the "MLPA") and the Pooling and Servicing Agreement (the "PSA"). As part of the securitization, Defendant made a number of Representations and Warranties ("Reps") in the MLPA concerning the Loans.

Significantly, as is common with CMBS transactions, the MLPA contained a "no due diligence" provision: This provision is intended to hold Defendant to its Reps in the MLPA notwithstanding any extra-contractual disclosures. Under this provision, Defendant is not relieved of its obligation to repurchase any of the Loans for which it has breached its Reps, regardless of Plaintiff's review (or lack of review) of any the thousands of pages of loan files, marketing materials, offering memoranda, and other material prepared by Defendant in connection with the underlying securitization.

Rep 18 in the MLPA states that "[n]o Mortgaged Property secures any mortgage loan not represented on the Mortgage Loan Schedule." But contrary to this warranty, the mortgaged properties for five of the six Loans were encumbered by second loans (the "Undisclosed Seconds") that were neither disclosed in the Mortgage Loan Schedule attached as Exhibit A to the MLPA (and Exhibit B to the PSA), nor were they disclosed in the Exceptions to Representations attached as Exhibit C to the MLPA. Defendant cannot dispute this, so instead it advances a number of arguments in its Motion that are devoid of both factual and legal support. Defendant's Motion should be denied in its entirety.

First, Defendant has not and cannot demonstrate that it disclosed the Undisclosed Seconds in the manner required under Rep 18 of the MLPA. Defendant argues that because the Undisclosed Seconds were disclosed in Footnote 5 to a list of loans attached to the Confidential Offering Memorandum ("COM"), the inclusion of the symbol for Footnote 5 – but without its corresponding text in the Mortgage Loan Schedule – somehow constitutes disclosure of the Undisclosed Seconds in the Mortgage Loan Schedule. This argument is without merit. Disclosure of the Undisclosed Seconds in an ancillary document like the COM does not constitute disclosure in the Mortgage Loan Schedule to the MLPA – the exclusive document in which Defendant was contractually obligated to make such disclosure. In addition, Defendant has provided no evidence that Plaintiff was aware of the text of Footnote 5 in the COM or was otherwise involved in drafting or negotiating the COM.

Second, Defendant is not entitled to reformation of the MLPA and the PSA to identify the Undisclosed Seconds because it has presented no evidence of a mutual mistake or scrivener's error that would justify reformation. Nothing in the record supports a finding that there was the requisite "meeting of minds" between Plaintiff and Defendant concerning what information had to be included in the Mortgage Loan Schedule. Indeed, Defendant has provided no evidence that Plaintiff was even involved in the drafting or negotiating of the MLPA and PSA. At best,

---

[2] Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Mortgage Pass-Through Certificates, Series 2007 C-1 (the "Trust"). The Enco Loan Action concerns one loan from the Trust. The Five Loan Action concerns five additional loans from the same Trust.

Defendant can only show a unilateral mistake – which is wholly insufficient for a reformation claim as a matter of well-settled law.

Third, Defendant's argument that Plaintiff has waived its right to enforce the Reps fails as a matter of law. Even assuming Plaintiff had knowledge of the Undisclosed Seconds, that knowledge is immaterial because a warranty is "an assurance by one party to a contract of the existence of a fact upon which the other may party may rely" and is intended "to relieve the promisee of any duty to ascertain the fact for himself." *Metro. Coal Co. v. Howard*, 155 F.2d 780, 784 (2d Cir. 1964). Further, the MLPA's "no due diligence" provision reinforces the irrelevance of any purported knowledge of Plaintiff because this provision explicitly disclaims any obligation by Plaintiff to review the ancillary documents that Defendant claims identified the Undisclosed Seconds. Finally, even if Plaintiff did have knowledge of the Undisclosed Seconds (which it did not), the "no due diligence provision" functions as an express preservation of its rights under the Reps in the MLPA.

Fourth, the Five Loan Action was timely commenced. Defendant claims that the Five Loan Action, which was commenced on June 20, 2013, should be dismissed as barred by the six-year statute of limitations because any claim for alleged breaches of the MLPA and PSA accrued when the agreements were executed on June 8, 2007 and June 1, 2007, respectively. This position is incorrect as a matter of fact and law. As a matter of fact, the MLPA clearly states that "Seller . . . makes the representations and warranties as to the Mortgage Loans set forth in Exhibit B [including Rep 18] as of the Closing Date [June 21, 2007]." (MLPA § 6.3) (emphasis added). Thus, even assuming that a breach of warranty claim accrues when the warranty is made, any claim for a breach did not accrue until June 21, 2007, thus rendering the Five Loan Action timely. Further, two recent cases in New York hold that the date of accrual for a breach of warranty claim in a CMBS case is not when the warranty was deemed made, but rather when Defendant refused to repurchase the loan after receiving notice of breach. Here, that did not occur until 2013 – well within the statute of limitations. Consequently, the Five Loan Action was filed timely regardless of which of these measures the Court chooses to adopt.

Finally, as set forth above, because Plaintiff has filed a First Amended Complaint in the Five Loan Action as matter of right, Defendant's Motion, to the extent that it seeks dismissal of Plaintiff's claims in the Five Loan Action arising under Rep 10 for failure to state a claim should be denied as moot. *See, e.g., TradeWinds Airlines, Inc. v. Soros*, 08 Civ. 5901, 2012 U.S. Dist. LEXIS 39459, at *19 (S.D.N.Y. Mar. 22, 2012) ("[I]n view of the filing of TradeWinds' Second Amended Complaint, Defendants' motion to dismiss the First Amended Complaint is denied as moot.").

For the reasons set forth above and in the accompanying opposition papers, Plaintiff respectfully requests that Defendant's Motion be denied in its entirety.

Respectfully submitted,

*Timothy Pastore*
Timothy J. Pastore

Enclosures

cc: Paul D. Snyder, Esq. (by ECF) (w/o encl.)
    Robert J. Malatak, Esq. (by ECF) (w/o encl.)