# DUVAL & STACHENFELD LLP

555 MADISON AVENUE, SIXTH FLOOR
NEW YORK, NEW YORK 10022

TELEPHONE: 212-883-1700
FACSIMILE: 212-883-8883

**TIMOTHY J. PASTORE**
DIRECT DIAL: 212-692-5982
tpastore@dsllp.com

April 16, 2014

**VIA ECF and FEDEX**

Honorable Naomi Reice Buchwald
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    **Wells Fargo Bank N.A. v. Sovereign Bank, N.A.**
            **Case No. 13-CV-1222 (NRB) (the "Enco Action"); Case No. 13-CV-4313 (NRB) (the "Five Loan Action")**

Dear Judge Buchwald:

      Together with Snyder Law Firm LLC, we represent Plaintiff in the above-referenced Enco Action and Five Loan Action (collectively, the "Actions").

      Pursuant to Rule 2(C) of Your Honor's Individual Practices, enclosed please find two sets of courtesy copies, marked as such, of: (i) Plaintiff's Notice of Cross-Motion for Leave to File a Second Amended Complaint in the Five Loan Action; (ii) Plaintiff's Memorandum of Law in Further Support of Plaintiff's Motion for Leave to Amend the Enco Action, In Support of Plaintiff's Cross-Motion for Leave to Amend the Five Loan Action, and in Opposition to Defendant's Motion to Dismiss ("Pl.'s Mem."); and (iii) the supporting declaration of Paul D. Snyder, dated April 10, 2014.

      In accordance with Rule 2(E)(1) of Your Honor's Individual Practices, the following shall constitute the summary of the substantive arguments advanced in Pl.'s Mem. The court should (1) grant Plaintiff leave to amend its complaints in both the Actions; and (2) deny Defendant's motion to dismiss in its entirety.

      The Actions are CMBS repurchase actions concerning certain loans (the "Loans") that were securitized into a trust.[1] The securitization is controlled by two governing documents: the Mortgage Loan Purchase Agreement (the "MLPA") and the Pooling and Servicing Agreement (the "PSA").

      As part of the securitization, Defendant made a number of Representations and Warranties ("Reps") in the MLPA concerning the Loans. Based on various origination errors

---

[1]     Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Mortgage Pass-Through Certificates, Series 2007 C-1 (the "Trust").

arising from Defendant's systemically flawed origination program, Plaintiff alleges that Defendants breached Reps 18, 10, and 7 and such breaches materially and adversely affected the value of the Loans and the Certificateholders' interests therein.

Pl.'s Mem. relates to three motions pending in the Actions. First, in the Enco Action, Plaintiff replies in further support of its motion for leave to file a First Amended Complaint to assert claims for breach of Rep 10 and breach of contract arising from Defendant's failure to repurchase or cure the Enco Loan (the "Motion for Leave"). Second, in the Five Loan Action, Plaintiff now cross-moves for leave to file a Second Amended Complaint (together with the proposed Enco First Amended Complaint, the "Amended Complaints") to assert an alternative claim for breach of contract which merely parallels the alternative claim already asserted in the proposed Enco First Amended Complaint (the "Five Loan Cross-Motion").[2]  Third, in the Five Loan Action, Plaintiff opposes Defendant's motion to dismiss the Five Loan First Amended Complaint (the "Motion to Dismiss").

Defendant's arguments in opposition to Plaintiff's Motion for Leave and in support of its Motion to Dismiss are all without merit.

First, the Amended Complaints are not subject to a condition precedent. Under Section 2.03(b) of the PSA, written notice of breach is not a condition precedent to Defendant's obligation to repurchase the Loans. This section does not contain the express conditional language necessary to find a condition precedent. *LaSalle Bank, N.A. v. Citicorp Real Estate, Inc.*, 2003 U.S. Dist. LEXIS 12043, at *14 (S.D.N.Y. July 18, 2003). To the contrary, Section 2.03(b) expressly disclaims such an obligation and specifically states that "<u>no delay . . . in providing notice of . . . Breach shall relieve the Mortgage Loan Seller of its obligation to repurchase</u>."

Moreover, prior to commencing the Actions, Plaintiff provided Defendant with a breach notice concerning all the Loans. Section 2.03(b) of the PSA does not require that Plaintiff provide specific written notice of the factual basis for each breach. In addition, given that litigation had already commenced, that Defendant has denied the existence of every Rep breach, and that Defendant repeatedly has refused to repurchase the Mortgage Loans, any subsequent breach notices demanding the repurchase of the same Mortgage Loans would have been futile and unnecessary.

Second, the Amended Complaints each contain detailed and specific factual allegations concerning Defendant's breaches of the Reps. Unable to challenge the adequacy of these well-pled allegations, Defendant, with its counsel serving as self-appointed expert witness, instead resorts to a number of unwarranted factual attacks on the underlying merits of Plaintiff's claims. Not only are these challenges wrong as a matter of fact, they are inappropriate on a Rule 12(b)(6) motion – where the court must accept all the factual allegations as true – and when discovery has not yet commenced in the Actions.

---

[2]   The proposed Amended Complaint in the Five Loan Action does not include any new factual allegations. However, the factual allegations and claim with respect to the Magnolia Terrace Loan are deleted. This is because the outstanding principal balance of the Magnolia Terrace Loan was recently paid in full. Without waiver of its right to seek the agreed-upon Purchase Price for all of the other Mortgage Loans, Plaintiff is withdrawing its demand for repurchase of the Magnolia Terrance Loan.

Third, the Amended Complaints sufficiently allege a breach of contract based on the failure of Defendant, in its role as initial Special Servicer, to provide written notice of breach as required under the PSA. As both the Mortgage Loan Seller and initial Special Servicer for the Loans, Defendant was aware of the breaches of the Reps, but failed to notify the Trustee or anyone else of such breaches. These allegations plainly state a claim for breach of contract.

Fourth, Defendant's attempt to revive its statute of limitations defense should be rejected. By a letter order dated January 31, 2014, this Court has already concluded that the Five Loan Action is not barred by the statute of limitations.[3] Even if this were not the case, the law in New York is clear that the statute of limitations runs, at the earliest, from the securitization's Closing Date (when the Reps were made). Measured from this date, Plaintiff's claims in the Five Loan Action are timely.

Fifth, the claims in the Amended Complaints relate back to the original, timely-filed complaints, and are, therefore, not barred by the statue of limitations. Under Rule 15, amended claims relate back where they arise out of the same conduct, or transaction or occurrence set forth in the original complaint. Fed. R. Civ. P. 15(c)(1)(b). Here, the Amended Complaints arise from the same securitization, the same loans, the same MLPA, seek the same remedy, and – most importantly – all arise out of the same shoddy origination practices that gave rise to the original complaints. Accordingly, the claims made in the Amended Complaints are timely.

Finally, under New York law, Plaintiff is entitled to pursue an alternative claim for breach of contract claim seeking money damages for defendant's failure to repurchase or cure the Loans. *See, e.g.*, *Home Equity Mortg. Trust Series 2006-1 v. DLJ Mortg. Capital, Inc.*, 2014 N.Y. Misc. LEXIS 136, at *24 (Sup. Ct. N.Y. Cnty. Jan. 10, 2014) (construing similar language as to that in the PSA at issue here and concluding that plaintiffs entitled to seek damages arising from defendant's breach of its repurchase or cure obligation). These breach of contract claims are simply an alternative theory of recovery and do not rely on any new factual allegations. Thus, leave to amend under Rule 15 is appropriate.

For the reasons set forth above and in the accompanying supporting papers, Plaintiff respectfully requests that this Court: (1) grant Plaintiff leave to amend its complaints in both the Actions; and (2) deny Defendant's Motion to Dismiss in its entirety.

Respectfully submitted,

*/s/ Timothy J. Pastore*

Timothy J. Pastore

Enclosures

cc: Paul D. Snyder, Esq. (by ECF) (w/o encl.)
     Robert J. Malatak, Esq. (by ECF) (w/o encl.)

---

[3] There is no dispute that the original complaint in the Enco Action was timely filed.