

**Hahn & Hessen LLP**
488 Madison Avenue, New York, NY 10022
T 212.478.7200   F 212.478.7400   hahnhessen.com

May 2, 2014
Hand Delivery & ECF

Robert J. Malatak
Partner
212.478.7316
rmalatak@hahnhessen.com

Honorable Naomi Reice Buchwald
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Wells Fargo Bank, N.A. v. Sovereign Bank, N.A.*
      Case Nos.: 13-CV-1222 (NRB) ("Enco Loan Action")
                 13-CV-4313 (NRB) ("Five Loans Action")

Dear Judge Buchwald:

We represent Defendant/Counter-Claimant Santander Bank, N.A. ("Santander")[1] in the captioned matters, and write pursuant to Your Honor's Individual Practice Rules 2(C) and 2(E)(1).

Please find enclosed two courtesy copies of Santander's Memorandum of Law in (A) Further Support of its Motion to Dismiss the Five Loans Action Amended Complaint and (B) Opposition to Plaintiff Wells Fargo Bank's ("Wells") Cross-Motion for Leave to File a Second Amended Complaint in the Five Loans Action.

Wells' cross-motion, seeking leave to further amend its Five Loans Action complaint and allege a separate claim for Santander's failure to repurchase the loans at issue is entirely futile and must be denied. New York law simply does not recognize a separate and distinct cause of action premised upon a failure to repurchase. *See, e.g., ACE Sec. Corp. v. DB Structured Prods., Inc.*, 112 A.D.3d 522, 977 N.Y.S.2d 299 (1st Dep't 2013). Wells improperly ignores this controlling New York Appellate Authority. Additionally, Wells' newly-proposed claim is contrary to public policy because it would forever toll the statute of limitations in CMBS-repurchase actions. *See, e.g., Nomura Asset Acceptance Corp. Alternative Loan Trust, Series 2005-S4 v. Nomura Credit & Capital, Inc.*, No. 653541/2011, 2013 N.Y. Misc. LEXIS 2001, *28 (Sup. Ct. N.Y. County May 10, 2013) (rejecting assertion that separate claim accrues for failure to repurchase because "[t]o find otherwise would allow [plaintiff] to essentially circumvent the statute of limitations by indefinitely deferring its demand for payment") (citing reference omitted). Notably, Wells' wasteful cross-motion could have likely been avoided entirely if Wells had not violated Your Honor's Individual Practice Rule 2(B) in failing to seek a pre-motion conference. Wells' cross-motion is improper, futile, made in bad faith, and must be denied.

Wells has now filed/requested leave to file five separate complaints in these actions, each time offering entirely new allegations and claims that are simply false, wholly implausible,

---

[1]   Effective October 17, 2013, Sovereign Bank, N.A. changed its legal name to Santander Bank, N.A.



Honorable Naomi Reice Buchwald
May 2, 2014
Page 2

and clearly baseless, as detailed in Santander's various motion papers. This folly must now come to end. Santander respectfully requests that Wells' motions for leave to amend be denied and both actions now be dismissed *with prejudice*. Santander further respectfully requests that the Court schedule oral argument of all pending motions at its earliest convenience.

Respectfully submitted,

Robert J. Malatak

Enclosures

cc:  *Via ECF and E-Mail*
   Timothy J. Pastore, Esq.
   Paul D. Snyder, Esq.